UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL MOORE, in her individual capacity, and as soon to be appointed administrator of the ESTATE OF CLIFTON MINOR,

    Plaintiff,

v.

GOLDEN OAKS HEALTHCARE, INC., doing business as The Healthcare Resort of Kansas City, et al.,

    Defendants.

Case No. 25-2094-JAR-BGS

## MEMORANDUM AND ORDER GRANTING MOTION TO AMEND

This matter comes before the Court on Plaintiff's[1] Second Amended Motion for Leave to File an Amended Complaint.[2] Doc. 29. Plaintiff seeks to amend the operative complaint "to formalize the Estate of Clifton Minor as a party and the allegations made by the Estate for conscious pain and suffering against the defendants." *Id.*, at 3. Defendants Golden Oaks Healthcare, Inc., Gateway Healthcare, LLC, Ensign Services, Inc., and Ensign Group, Inc (collectively "Defendants") oppose the motion arguing the presence of undue delay and prejudice as well as arguing that the proposed amendments are futile. For the reasons stated herein, the motion is **GRANTED**.

---

[1] The Plaintiff, Crystal Moore, seeks to bring claims in two capacities: (1) as an heir at law and (2) as a special administrator of Clifton Minor's Estate. Since the same individual (i.e., Crystal Moore) is bringing both claims, it will refer to Plaintiff as singular. The original complaint named Crystal Moore as a "soon to be appointed administrator" which is addressed in Defendants' pending motion to dismiss. *See* Doc. 29. As discussed more fully herein, the proposed amended complaint, in part, seeks to remedy the issue of whether Ms. Moore has formal authority to administer Clifton Minor's Estate.

[2] This is the third motion Plaintiff has filed to this effect. None of the motions have been substantively ruled upon. The first motion was denied as moot. *See* Doc. 24. The "Amended Motion" remains pending, which the Court now denies as moot. *See* Doc. 23. Plaintiff is cautioned that the Court does not look favorably upon serial motions to amend. It is not proper to constantly amend a motion to correct deficiencies that could have been addressed the first time.

1

I. **Background**

    a. **Factual Background**

This is a nursing home negligence and wrongful death case. Plaintiff's father, Clifton Minor, decedent, was a resident at Golden Oaks Healthcare, Inc. d/b/a The Healthcare Resort of Kansas City nursing home, when he allegedly sustained and later died from an alleged avoidable fall. Gateway Healthcare, LLC, Ensign Services, Inc., and Ensign Group Inc. provide ancillary medical and management services for Golden Oaks Healthcare, Inc. The proposed first amended complaint alleges that the entities were negligent in their care of decedent and asserts the following claims against the entities: (1) a wrongful death claim in her capacity as an heir at law of decedent; and (2) a survival action on behalf of the decedent's Estate.[3]

    b. **Procedural Background**

This case is at a unique procedural posture. The fall that caused the death of the decedent, Clifton Minor, occurred on April 6, 2023. *See* Doc. 29-2, at ¶ 3. On February 24, 2025, the complaint was filed with Plaintiff named in her capacity as an heir-at-law and as a "soon-to-be appointed administrator" of the Estate of Clifton Minor. *See* Doc. 1. On May 9, 2025, Plaintiff initiated probate proceedings in Wyandotte County District Court (Case No. WY-2025-PR-00210). Sometime after May 30, 2025, Plaintiff was issued Letters of Special Administration, thereby formalizing her authority to administer the Estate. Doc. 29, at 2. The timeline of these events is among the primary arguments Defendants advance in opposition to the motion to amend.

The complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship and because the amount in controversy exceeds $75,000. After the Defendants answered, the Court entered an Initial Order Regarding Planning and

---

[3] Plaintiff also seeks to bring a third count which pursues an alter ego theory against the Ensign Group, Inc.

Scheduling on March 27, 2025. Consistent with Fed. R. Civ. P. 7.1(a)(2), the Court also required the parties to file disclosure statements identifying each party's citizenship. The parties filed their disclosure statements on April 28, 2025, and disclosed their citizenship as follows:

- Plaintiff Crystal Moore and Estate of decedent, Clifton Minor: both citizens of Kansas. Doc. 11.

- Defendant Golden Oaks Healthcare, Inc.: citizen of Nevada and Kansas. Doc. 14.

- Defendant Gateway Healthcare, LLC: citizen of Delaware and California. Doc. 15.

- Defendant Ensign Services, Inc.: citizen of Nevada and California. Doc. 12.

- Defendant Ensign Group, Inc.: citizen of Delaware and California. Doc. 13.

Upon review, there appeared to be an issue regarding whether the Court has subject-matter jurisdiction over this action. Plaintiff's disclosure statement alleged that both the Estate and Plaintiff in her capacity as an heir at law are citizens of Kansas while Defendant Golden Oaks Healthcare, Inc. ("Golden Oaks") alleged that it is both a citizen of Nevada (state of incorporation) and Kansas (principal place of business). Since diversity jurisdiction requires that no Plaintiff be a citizen of the same state as any Defendant, the Court cancelled the scheduling conference and issued an Order to Show Cause to Plaintiff wherein he was tasked with establishing that the Court has subject-matter jurisdiction over this action. *See* Doc. 18.

Plaintiff responded to the Order to Show Cause and explained that Plaintiff, in her capacity as an heir at law, is a Missouri citizen – not Kansas as previously stated. Counsel explained that Plaintiff, in her capacity as an heir at law, was mistakenly identified as a citizen of Kansas and that he intended to file an amended complaint to address the inaccuracies. *See* Doc. 19, 22. He also attached an affidavit from Plaintiff affirming that she is a citizen of Missouri.[4] Doc. 19-1. On May

---

[4] It does not appear that Defendants are challenging Plaintiff Crystal Moore's attestation that she is a citizen of Missouri, instead of Kansas.

20, 2025, Plaintiff filed a motion for leave to amend the complaint with a proposed pleading alleging that Plaintiff, in her capacity as an heir at law, was a citizen of Missouri. *See* Doc. 21. It also dropped the survival claim, meaning the Estate's citizenship was no longer at issue, which appeared to resolve the Court's concern. This strategy was short lived.

On May 30, 2025, Plaintiff filed an "amended" motion for leave to amend the complaint which now aimed to keep the survival claim in the lawsuit. *See* Doc. 23. To ensure diversity jurisdiction is present, Plaintiff alleged she was a citizen of Missouri and that the decedent, for purposes of determining the citizenship of the Estate, is Kansas. The proposed pleading still had Plaintiff Crystal Moore named as a "soon-to-be appointed administrator." Doc. 23-2. However, the proposed amended complaint now alleged that Defendant Golden Oaks is a citizen of Nevada (state of incorporation) and California (principal place of business), and thus, keeping diversity jurisdiction intact[5]. *See* Doc. 23-1. Defendants responded in opposition to the motion. *See* Doc. 27.

Rather than file a Reply, Plaintiff filed yet another motion. *See* Doc. 29. This time it was a "second amended" motion for leave to amend the complaint. Plaintiff filed her "second amended" motion because Wyandotte County District Court issued Letters of Special Administration to Crystal Moore. In other words, she is no longer a "soon-to-be appointed administrator" but now has authority to administer the Estate. Therefore, the second amended motion seeks to correct the jurisdictional issues, maintain both the wrongful death and survival claim, and to name Crystal Moore as "Special Administrator" instead of a "soon-to-be appointed administrator."[6] *See* Doc. 29.

---

[5] Plaintiff's proposed amended complaint includes approximately 5 pages laying out the factual basis for its assertion that Defendant Golden Oaks, Inc.'s principal place of business is in California, as opposed to Kansas. *See* Doc. 29-2, at 7-11.

[6] Plaintiff's proposed amended complaint's jurisdictional allegations are imprecise, at best. It uses the terms "LLC" and "Inc." interchangeably and has created more confusion for the Court in addressing the jurisdictional issues. For example, in paragraph 8 of the proposed amended complaint, Plaintiff refers to Defendant Golden Oaks as a "Nevada limited liability company" despite being named as corporation and being identified as such in the diversity disclosure statement. Further, in paragraphs 18 and 43, the proposed

Adding more complexity into this timeline of events, the Defendants filed a motion to dismiss all claims by the Estate. *See* Doc. 28. It generally argues that Plaintiff lacked standing to assert claims on behalf of her father's Estate because she was not a duly appointed administrator at the time the complaint was originally filed. Defendants also advance arguments that the statute of limitations has run. The District Judge stayed briefing on the motions to dismiss until the issue of amending the complaint has been resolved. *See* Doc. 31. To date, the scheduling conference has not been reset, and the case has been stalled until all the issues have been properly teed up before the Court. Briefing on the second amended motion for leave to amend the complaint is complete, and the Court is prepared to rule.

## II.  Legal Standard

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When no scheduling order has been entered and there is no deadline to amend the pleadings, a party only needs to meet the standard under Rule 15.

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely

---

amended complaint refers to "Ensign Services LLC" which is not a party to the case: it is Ensign Services Inc. (as named in the paragraph heading on page 4 and in the lawsuit generally). In the future, Plaintiff should pay more attention to detail to ensure correct information is being conveyed. It is not the job of the Court or other parties to guess whether something is an inaccurate reference or what Plaintiff may have intended. While it is Plaintiff's duty to establish subject-matter jurisdiction, the Court has wide discretion to consider other documents (such as Rule 7.1 diversity disclosure statements) to ensure complete diversity exists. *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001). In this posture and after review of the disclosure statements and proposed pleading, the Court will consider Plaintiff's initial burden to respond to the Court's show cause order met; however, the parties are advised that the Court does not consider the jurisdictional issue resolved given the conflicting allegations regarding Defendant Golden Oaks' principal place of business. The Court refers the parties to the end of this order where it provides further guidance on this issue.

give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010). The party opposing the motion bears the burden to demonstrate why the amendment should not be permitted. *Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

### III. Analysis

Defendants make two arguments in opposition to the motion. First, they argue that Plaintiff exercised undue delay in seeking leave to amend which has prejudiced the Defendants. Second, they argue that the proposed amendments are futile. The Court will address each argument beginning with whether Plaintiff exercised undue delay in bringing the proposed amendments.

#### a. The Rule 15 Standard is Met

As stated above, the proposed amended complaint accomplishes two purposes. The proposed pleading first aims to keep the survival claim in the case by correcting deficiencies in the jurisdictional allegations. Second, it seeks to formalize Crystal Moore's authority to administer the Estate. Defendants take particular issue with the second point. They argue that Plaintiff had nearly two years to open a probate estate and assert any survival claims through a duly appointed personal representative, but failed to timely do so. Further, they assert that Plaintiff exercised no effort to timely open the Estate or seek appointment of a duly appointed administrator and instead filed suit

on behalf on the Estate when she had no such authority. Plaintiff disputes Defendants' assertion that the Estate claims were not properly plead. She states that the original pleading made multiple references to Estate claims and were properly noticed.

Some of these issues are entangled with Defendants' futility arguments (which the Court will subsequently address), but as it pertains to undue delay, the Court finds that under the more lenient Rule 15 standard, undue delay is not present. Notably, most of Defendants' grievances relate to what could have been done before the filing of the complaint. They argue that Plaintiff should have taken earlier action to open the Estate and appoint an administrator. However, in some respects, those events are not pertinent to whether the Rule 15 standard is met. While it may be true that Plaintiff's delay in bringing the suit or opening an estate may affect whether the statute of limitations has run, it does not bear on whether undue delay is present in the context of Rule 15.

Plaintiff sought leave to amend quickly after learning of the issues with his original complaint. Typically, denial is appropriate when the party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). But here, he was put on notice by the Court of the jurisdictional issues, and again by the Defendant of his issues regarding Plaintiff's authority to administer the Estate. He sought leave to amend in both instances within a couple weeks of learning of the deficiencies. Moreover, the case is in its early stages, a scheduling order has not been entered, and discovery has not begun. The early stages of the proceedings weigh against making a finding of undue delay. *See Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689, 692 (D. Kan. 2022) (finding no undue delay when the motion was filed before the motion to amend deadline).

By extension, timeliness is closely related to undue prejudice. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). Because this case is in the early stages, Defendants are not prejudiced by allowing Plaintiff to amend her complaint at this early stage. *Gilmore v. Beveridge*, No.

7

22-2032-HLT-RES, 2022 WL 1102641, at *2 (D. Kan. Apr. 13, 2022) (making similar finding that no undue prejudice is present when the case is in its early stages). This is particularly significant because undue prejudice is the most important factor when deciding whether to allow an amendment to the pleadings. *Minter*, 451 F.3d. at 1207-08 ("Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.") (quoting *United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 18, 5 L.Ed.2d 8 (1960)). Therefore, the Court does not find any undue prejudice. Against this backdrop, the Court evaluates the only remaining argument to deny the motion—futility.

### b. The Proposed Amendments are not Clearly Futile

Defendants dedicate most of their briefing arguing that the statute of limitations has run, and the proposed amendments do not relate back under Fed. R. Civ. P. 15(c). *Cf. Lewis v. Wheeles*, No. 08-4025-JAR, 2008 WL 2944903, at *1-2 (D. Kan. July 28, 2008) (recognizing that statute of limitation/relate back arguments pertain to futility under Rule 15).

Given the liberal standards governing amendments under Rule 15 and the procedural posture of this case, the Court exercises its discretion to grant leave to amend. The issue of whether the statute of limitations has run is currently before the District Judge on a motion to dismiss.[7] It is not the undersigned Magistrate Judge's prerogative to try to predict how the District Judge will decide that issue. *See Poulos v. Brickley Enters., LLC*, No. 19-2629-JAR-JPO, 2020 WL 1812269, at *3 (D. Kan. Apr. 8, 2020) ("Plaintiff's proposed amendments are not clearly frivolous on their face, and district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case."). In addition, after reviewing the briefing on the futility issues, the Court does not find the claims to be *clearly futile*. To be clear, the undersigned is not deciding whether the amended claims

---

[7] The briefing on the motion to dismiss is stayed. *See* Doc. 31.

8

ultimately would survive a subsequent challenge. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the Court simply finds that Defendants have not met the "high bar" of establishing that the amendments are clearly futile. *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")). This ruling does not preclude Defendants from renewing arguments via a motion to dismiss filed in response to the first amended complaint.

Lastly, the Defendants request attorneys' fees under 28 U.S.C. § 1927, or in the alternative, pursuant to Fed. R. Civ. P. 15(a) as a condition to granting Plaintiff's motion. Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Here, the Court does not find that Plaintiff has "unreasonably and vexatiously" multiplied the proceedings. While the Court has cautioned Plaintiff against serial amended motions, it does not find that it is vexatious or harassing in nature. Moreover, any award of fees is discretionary and not compulsory. *See id.* ("*[M]ay be required* by the court to satisfy personally the excess costs, expenses, and attorneys' fees") (emphasis added). The Court declines to impose an award of attorney's fees in

this matter.[8]  In the future, the Court may reconsider this request if the Plaintiff persists in filing serial amended motions.

As a final note, is still not clear whether this Court has subject-matter jurisdiction of this matter.  There are competing allegations as it pertains to the citizenship of Defendant Golden Oaks, Inc.  Plaintiff's soon to be filed amended complaint alleges Defendant Golden Oaks, Inc.'s principal place of business is California, and its state of incorporation is Nevada, thus alleging it is a citizen of California and Nevada.  However, Defendant Golden Oaks, Inc.'s Rule 7.1 diversity disclosure statement claims its principal place of business is Kansas.  Defendants did not address this discrepancy in their response brief.  If Defendant Golden Oaks Inc.'s diversity disclosure statement is inaccurate as stated, then it is directed to file an amended diversity disclosure statement by September 9, 2025.  If Defendants are contesting that this Court has subject-matter jurisdiction on these grounds, the parties are directed to confer about the issue and submit a joint status report no later than September 16, 2025, with a proposed plan to resolve this issue, such as raising it in a motion to dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Amended Motion for Leave to File an Amended Complaint, Doc. 29, is **GRANTED**.  Plaintiff is directed to file her First Amended Complaint, in the same form attached to the motion, by **September 9, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Motion for Leave to File an Amended Complaint, Doc. 23, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that if Defendant Golden Oaks Inc.'s diversity disclosure statement is inaccurate, then it is directed to file an amended diversity disclosure statement by **September 9, 2025**.  If Defendants are contesting that this Court has subject-matter jurisdiction on

---

[8] Defendants also move for attorneys' fees under Fed. R. Civ. P. 15(a).  They provide no authority that Rule 15 is a proper procedural mechanism to award attorneys' fees.  Further, as just ruled, the Court exercises its discretion and declines to award attorneys' fees.

these grounds, the parties are directed to confer about the issue and submit a joint status report no later than **September 16, 2025**, with a proposed plan to resolve this issue.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs related to this motion.

**IT IS SO ORDERED.**

Dated September 3, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge