IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL MOORE, in her individual capacity, and as Special Administrator of the estate of CLIFTON MINOR,

Plaintiff,

v.

GOLDEN OAKS HEALTHCARE, INC., doing business as The Healthcare Resort of Kansas City, et al.,

Defendants.

Case No. 2:25-CV-02094-JAR-BGS

## MEMORANDUM AND ORDER

Plaintiff Crystal Moore, in her individual capacity, and as Special Administrator of the estate of Clifton Minor, brings this diversity action against Defendants Golden Oaks Healthcare, Inc. ("Golden Oaks"), Gateway Healthcare, LLC, Ensign Services, Inc., and Ensign Group, Inc. Plaintiff asserts Kansas state-law claims against Defendants, alleging that they were responsible for Mr. Minor's care at the Healthcare Resort of Kansas City and that their negligence caused injuries resulting in his death. This matter is now before the Court on Defendants' Motion to Dismiss (Doc. 41). The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Defendants' motion.

## I.    Standard

Defendants move to dismiss this action under Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[1] Federal district courts have

---

[1] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation modified).

original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, or where there is diversity of citizenship.[2] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[3] The "burden of establishing" a federal court's subject-matter jurisdiction "rests upon the party asserting jurisdiction."[4] Mere conclusory allegations of jurisdiction are not enough.[5]

Generally, a Rule 12(b)(1) motion takes one of two forms: a facial attack or a factual attack.[6] First, a facial attack challenges the sufficiency of the complaint's allegations as to subject-matter jurisdiction, and in reviewing such an attack, the Court accepts the complaint's allegations as true.[7] Second, a factual attack, by contrast, goes beyond the allegations in the complaint and challenges the facts on which subject-matter jurisdiction depends.[8] When reviewing a factual attack, the Court does not presume the truthfulness of the complaint's factual allegations and has wide discretion to consider affidavits, other documents, and, if necessary, a limited evidentiary hearing to resolve disputed jurisdictional facts.[9] And, when analyzing a

---

[2] 28 U.S.C. §§ 1331, 1332.

[3] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (citing *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[4] *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[5] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[7] *Id.*

[8] *Id.* at 1003.

[9] *Id.*

factual attack, the Court's "reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."[10]

## II.    Discussion

Defendants do not contend that the Amended Complaint fails to allege diversity jurisdiction on its face.  Instead, Defendants argue that the Court lacks diversity jurisdiction because Golden Oaks is in fact a citizen of Kansas, the same state in which Plaintiff is a citizen. In support, Defendants submit declarations addressing the facts on which Golden Oaks's citizenship depends.  Accordingly, Defendants raise a factual attack on the Court's subject-matter jurisdiction, and therefore the Court "may not presume the truthfulness of the complaint's factual allegations" and may consider the materials submitted by the parties in resolving the jurisdictional issue.[11]

Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  "Diversity jurisdiction requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant."[12]  "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing."[13]  The "party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."[14]

---

[10] *Id.*

[11] *Id.*

[12] *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025) (citation modified).

[13] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004).

[14] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

The determination of citizenship for diversity purposes depends on the status of the party. An individual is a citizen of the state where the individual is domiciled.[15]  The legal representative of a decedent's estate is deemed to be a citizen only of the same state as the decedent.[16]  A corporation, by contrast, is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business.[17]

Here, the parties do not dispute that the amount in controversy exceeds $75,000.  Nor do they dispute that Plaintiff, as the legal representative of the Estate of Clifton Minor, is deemed a citizen of Kansas because Mr. Minor was domiciled in Kansas at the time of his death, or that Golden Oaks, a corporation, is incorporated in Nevada and thus is a citizen of Nevada. However, the parties dispute whether Golden Oaks was also a citizen of Kansas when Plaintiff filed this action by virtue of having its principal place of business there.  Accordingly, the sole question before the Court is whether Plaintiff, as the party invoking this Court's diversity jurisdiction, has carried her burden to show that Golden Oaks's principal place of business was somewhere other than Kansas at the time the Amended Complaint was filed.

A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."[18]  The Supreme Court explained that this:

> should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board

---

[15] *Id.*  An individual "acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.*

[16] 28 U.S.C. § 1332(c)(2).

[17] 28 U.S.C. § 1332(c)(1).

[18] *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

meetings (for example, attended by directors and officers who have traveled there for the occasion).[19]

Defendants argue that Golden Oaks's principal place of business is Kansas. In support, Defendants attach three declarations explaining that Golden Oaks is the licensed operator of the Healthcare Resort of Kansas City, employs and pays the facility's staff, makes operational and compliance decisions in Kansas, and is directed by its Kansas-based leadership.[20]

In response, Plaintiff argues that Golden Oaks's principal place of business is in California. Plaintiff, however, submits no evidence to support that assertion. Instead, Plaintiff relies solely on the allegations in the Amended Complaint—namely, that Golden Oaks's officers and directors maintain California business addresses and that its owner, Ensign Group, Inc., exercises financial and administrative control over Golden Oaks from California. But because Defendants have mounted a factual attack on the Court's subject-matter jurisdiction, the Court "may not presume the truthfulness of the complaint's factual allegations."[21] Accordingly, those allegations, standing alone, are insufficient to satisfy Plaintiff's burden to establish diversity jurisdiction by a preponderance of the evidence. Absent any evidence rebutting Defendants' jurisdictional evidence, Plaintiff has failed to establish complete diversity. Therefore, the Court finds that it lacks subject matter jurisdiction over this case and grants Defendants' motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 41) is **granted**. The Court dismisses this case without prejudice and directs the Clerk to terminate this action.

**IT IS SO ORDERED.**

---

[19] *Id.* at 93.

[20] Docs. 41-1, 41-2, 41-3.

[21] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

6

Dated: March 13, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE